No. 23-10531-J

_____

UNITED STATES COURTS OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

IN RE: JOHN ANTHONY CASTRO,

*Petitioner*

_____

On Petition for a Writ of Mandamus to the United States

Court of Appeals for the Eleventh Circuit

_____

**FIRST AMENDED PETITION FOR WRIT OF MANDAMUS**

_____

 

**John Anthony Castro,** *Pro Se*
J.Castro@JohnCastro.com
12 Park Place
Mansfield, Texas 76063
Tel: (202) 594-4344

_____

## FIRST AMENDED PETITION FOR WRIT OF MANDAMUS

_____

### RELIEF SOUGHT

Pursuant to 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21, John Anthony Castro respectfully petitions this Court to issue a Writ of Mandamus, in aid of its appellate jurisdiction, directing United States District Judge Aileen Mercedes Cannon to disqualify herself on the basis that her impartiality has both already been reasonably questioned by the general public and continues to be reasonably questioned in the now pending case: *John Anthony Castro, Plaintiff v. Donald J. Trump, Defendant*, No. 23-80015-CIV-CANNON.

### ISSUE PRESENTED

In light of widespread and reasonable public questioning of United States District Judge Aileen Mercedes Cannon's impartiality with regard to cases involving Donald J. Trump by fully informed lay individuals, legal scholars, and media outlets, did United States District Judge Aileen Mercedes Cannon abuse her discretion in failing to disqualify herself in this case involving Donald J. Trump?

### STATEMENT OF FACTS

John Anthony Castro is an FEC-registered 2024 Republican Presidential candidate currently and actively seeking the nomination of the Republican Party to

pursue the Presidency of the United States. John Anthony Castro brought a civil action against Donald J. Trump under the Declaratory Relief Act to "declare the rights and other legal relations" of John Anthony Castro and Donald J. Trump, including whether Donald J. Trump's actions and public statements with regard to the January 6, 2021, attack on the United States Capitol and those involved in the attack disqualifies Donald J. Trump from pursuing and/or holding public office in the United States pursuant to Section 3 of the 14th Amendment to the United States Constitution.

United States District Judge Aileen Mercedes Cannon was "randomly" assigned to the case. Judge Cannon's first official act was to *sua sponte* dismiss the complaint purportedly pursuant to the Shotgun Pleading Rule despite its dubious application to the Original Complaint. Nevertheless, John Anthony Castro complied and filed his First Amended Complaint.

Second, Judge Cannon denied John Anthony Castro access to the district court's Case Management and Electronic Filing System with a paperless order; demonstrating a complete dereliction of judicial duty to intellectually explain a rational legal basis for her decision. This is the topic of a separate and earlier filed Writ of Mandamus for infringing on John Anthony Castro's First Amendment right to efficiently petition the federal judiciary to redress his grievances.

Third, Judge Cannon denied John Anthony Castro's motion to disqualify herself despite binding case law in the Eleventh Circuit; demonstrating her complete lack of regard for this Honorable Court of Appeals' binding jurisprudence.

Fourth, Judge Cannon denied John Anthony Castro's motion to certify for interlocutory appeal her order denying recusal with a paperless order; once again demonstrating a complete dereliction of judicial duty to intellectually explain a rational legal basis for her decision.

In his well-drafted motion to disqualify Judge Cannon, John Anthony Castro cited that *not only was it the case* that her "impartiality might reasonably be questioned" but that her impartiality in a case involving Donald J. Trump had ***already been questioned*** by the general public. Judge Cannon's abuse of discretion to unconstitutionally intervene in and obstruct the criminal investigation of Donald J. Trump was the topic of numerous ethics and judicial complaints.

## REASONS WHY THE WRIT SHOULD BE ISSUED

The avoidance of the appearance of partiality is paramount to preserving the integrity and independence of the federal judiciary. The purported "random" assignment of this case to Judge Aileen Mercedes Cannon has already been viewed as suspect by members of the public, the media, and legal scholars.

Based on the totality of circumstances, it is indisputable that there would be and, in fact, presently is an appearance of impropriety and lack of impartiality.

In accordance with the Eleventh Circuit's own binding jurisprudence, given the indisputable fact that millions of fully informed Americans already reasonably question and continue to question Judge Aileen Mercedes Cannon's impartiality in cases involving Donald J. Trump, her failure to disqualify herself is a clear and indisputable abuse of discretion.

## CONCLUSION

For the reasons and authorities stated herein, John Anthony Castro petitions this Court to issue a Writ of Mandamus to compel United States District Judge Aileen Mercedes Cannon to disqualify herself from this case and grant John Anthony Castro such other and further relief as this Honorable Appeals Court deems proper.

Dated: February 23, 2023

Respectfully submitted,

By: _____
John Anthony Castro, *Pro Se*
J.Castro@JohnCastro.com
12 Park Place
Mansfield, Texas 76063
Tel: (202) 594-4344

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type volume limitation of Rule 21(d)(i) of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare this motion, the motion contains 781 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and complies with the type style requirement of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced roman-style typeface (Times New Roman).

John Anthony Castro

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2023, a true and accurate copy of the foregoing *First Amended Petition for a Writ of Mandamus* with accompanying Exhibits (if any) was served via U.S. First Class Mail on the following:

Lindsey Halligan
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Attorney for Defendant

Jacob F. Grubman
IFRAH LAW, PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006


Judge Aileen M. Cannon
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St. Rm 202
West Palm Beach FL 33401

John Anthony Castro

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT (CIP)

John Anthony Castro   *vs.*   Donald J. Trump        Appeal No. 23-10531-J

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

***(please type or print legibly)*:**

Cannon, Aileen M., Judge for U.S. District Court Southern District of Florida (West Palm Beach)

Grubman, Jacob F., Attorney for Defendant

Halligan, Lindsey, Attorney for Defendant

Trump, Donald J., Defendant

Rev.: 12/20

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-CV-80015-AMC

JOHN ANTHONY CASTRO )
 )
Plaintiff, )
 )
v. )
 )
DONALD J. TRUMP )
 )
Defendant. )
 )

FILED BY ⎯⎯ D.C.
FEB 15 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**PLAINTIFF JOHN ANTHONY CASTRO'S MOTION
TO DISQUALIFY JUDGE AILEEN CANNON**

Plaintiff, JOHN ANTHONY CASTRO, *pro se*, hereby files his Motion to Disqualify Judge Aileen Cannon, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 455(a) and, as grounds for disqualification, states as follows:

The standard of review on a motion for recusal based on appearance of partiality is whether an objective, disinterested, lay observer, fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt about the judge's impartiality; the standard is, thus, an objective one designed to promote the public's confidence in the impartiality and integrity of the judicial process. *U.S. v. Scrushy*, 721 F.3d 1288 (11th Cir. 2013).

The question on appellate review would be as follows: would an objective, disinterested, lay person, fully informed of the facts, have a significant doubt regarding Judge Aileen Cannon's impartiality?

The decision whether a judge's impartiality can reasonably be questioned, for the purpose a motion to recuse, is to be made in light of the facts as they existed; not as they were surmised or

1

reported by the media. *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913 (2004). In other words, media assumptions, hyperbole, and exaggerations are disregarded.

Judge Aileen Cannon's intervention in the criminal investigation of former President Donald J. Trump was widely criticized by the general public, legal experts, and constitutional scholars. Moreover, it resulted in numerous ethics complaints being filed against Judge Aileen Cannon who is fully aware of the public backlash.

Although the judicial complaints were ultimately dismissed, there remains widespread doubt in the general public regarding Judge Aileen Cannon's impartiality with regard to matters involving former President Donald J. Trump, especially amongst those that are truly objective, disinterested, lay, and fully informed.

The U.S. Court of Appeals for the 11th Circuit ultimately overturned Judge Aileen Cannon's ruling and held that the "law is clear. We cannot write a rule that allows any subject of a search warrant to block government investigations after the execution of the warrant. Nor can we write a rule that allows only former presidents to do so. Either approach would be a radical reordering of our caselaw limiting the federal courts' involvement in criminal investigations. And both would violate bedrock separation-of-powers limitations." *Trump v. U.S.*, 54 F.4th 689, 701 (11th Cir. 2022). This was a scathing critique of Judge Aileen Cannon and a direct finding that her intervention in the criminal investigation of former President Donald J. Trump was an abuse of discretion, unlawful in that it was irreconcilable with nearly a century of established case law from the U.S. Supreme Court, and unconstitutional for violating the limitations on separation of powers.

Although a judge's rulings alone *generally* do not establish bias or the perception of partiality, this is one of those rare cases in which it does. In this case, Judge Aileen Cannon's

abusive, unlawful, and unconstitutional attempt to obstruct the criminal investigation into former President Donald J. Trump led widespread public perception that Judge Aileen Cannon is incapable of impartiality with matters involving former President Donald J. Trump.

The recusal inquiry for a judge based upon perceived lack of impartiality must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913 (2004).

The Eleventh Circuit could not have been more clear: Judge Aileen Cannon disregarded nearly 80 years of established case law including decisions from the U.S. Supreme Court, which she knew was the Supreme Law of the Land for which she had no basis in law to disregard. Judge Aileen Cannon abused her discretion in an attempt to thwart the criminal investigation of the man that awarded her with a lifetime appointment in the federal judiciary. If these actions were taken by any other person, it could possibly constitute abuse of process and obstruction of justice resulting in the potential for criminal charges.

A district court judge's refusal to recuse himself on the grounds that an objective lay observer fully informed of the facts would entertain a significant doubt about the judge's impartiality is subject to review for abuse of discretion. *Diversified Numismatics, Inc. v. City of Orlando, FL.*, 949 F.2d 382 (11th Cir. 1991).

Inasmuch as "appearance of partiality" may vary from district to district, it would seem appropriate to apply a "community standard" to questions regarding whether a judge should recuse herself for reason that her "impartiality might reasonably be questioned." *Smith v. Pepsico, Inc.*, 434 F. Supp. 524, 526 (S.D. Fla. 1977).

In this case, if we apply the community standard, it would be indisputable that Judge Aileen Cannon's impartiality can reasonably be questioned in this case. In fact, the more objective,

3

disinterested, and informed the person is, the more likely the person would have significant doubt as to Judge Aileen Cannon's impartiality.

The recusal standard for a judge, whether his impartiality might reasonably be questioned, is one of reasonableness and should not be interpreted to mandatorily require recusal based upon spurious or vague charges of partiality. *Smith v. Pepsico, Inc.*, 434 F. Supp. 524 (S.D. Fla. 1977).

In this case, the Motion to Recuse is not based on spurious or vague accusations. Legal experts, constitutional scholars, and the U.S. Court of Appeals for the Eleventh Circuit all concluded that Judge Aileen Cannon abused her discretion and violated the United States Constitution's limitations on separation of powers when she engaged in a novel form of obstruction of justice. The vast majority of objective, disinterested, lay yet fully informed observers would have significant doubt regarding Judge Aileen Cannon's impartiality.

A violation of the statute requiring a judge to recuse herself in any proceeding in which her impartiality might reasonably be questioned is established when a reasonable person, knowing the relevant facts, would expect that the judge knew circumstances creating an appearance of partiality, notwithstanding finding that the judge was not actually conscious of those circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). Furthermore, failure to recuse may warrant relief from final judgment. *Id.*

In this case, although it is not necessary, Judge Aileen Cannon was the subject of numerous ethics complaints regarding her abusive, unlawful, and unconstitutional attempt to obstruct the criminal investigation into Donald J. Trump.

The recusal statute "is violated if the general public could reasonably believe… that there would be an appearance of impropriety." *See U.S. v. Garrudo*, 869 F. Supp. 1574 (S.D. Fla. 1994), *aff'd sub nom.* 139 F.3d 847 (11th Cir. 1998), *reh'g granted and opinion vacated*, 161 F.3d 652

4

(11th Cir. 1998), *and on reh'g*, 172 F.3d 806 (11th Cir. 1999), cert. denied 528 U.S. 985.

Scienter is not required in order to find violation of statue requiring judge to recuse herself if impartially might reasonably be questioned. *Id.*

A judge was found to be disqualified from sitting on postconviction matters concerning criminal defendant where a reasonable person in the street would harbor doubts as to the judge's impartiality to sit on such matters since defendant had expressed hostility toward the judge despite the fact that the judge denied any personal bias or prejudice. *U.S. v. Cerrella*, 529 F. Supp. 1373 (S.D. Fla. 1982).

In this case, Plaintiff John Anthony Castro has publicly accused Judge Aileen Cannon of being "corrupt" for her abusive, unlawful, and unconstitutional attempt to obstruct the criminal investigation of former President Donald J. Trump.

WHEREFORE, PLAINTIFF, John Anthony Castro, respectfully requests that Judge Aileen Cannon be disqualified from the above-referenced litigation, and that she recuse herself from acting in any capacity, whatsoever, in this subject case.

PLAINTIFF, John Anthony Castro, FURTHER PRAYS for any other relief this Court may deem just and proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1 (a) (3)

The undersigned counsel has not conferred with counsel for the Defendant in a good faith effort to resolve the issues in this Motion, as no appearance has been filed by the Defendant.

DATED the 15th day of February 2023

Respectfully submitted,

By: _____

John Anthony Castro
12 Park Place
Mansfield, TX 76063
Tel. (202) 594-4344
J.Castro@JohnCastro.com
Plaintiff, *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2023, a true and accurate copy of the foregoing Motion was served via U.S. First Class Mail on the following:

Donald J. Trump
1100 S. Ocean Blvd
Palm Beach, Florida 33480

s/ _____
John Anthony Castro

Query   Reports   Utilities   Help   Log Out

Exhibit "B"

BER

# U.S. District Court
## Southern District of Florida (West Palm Beach)
### CIVIL DOCKET FOR CASE #: 9:23-cv-80015-AMC

Castro v. Trump  
Assigned to: Judge Aileen M. Cannon  
Cause: 28:1331 Federal Question

Date Filed: 01/06/2023  
Jury Demand: None  
Nature of Suit: 360 P.I.: Other  
Jurisdiction: Diversity

**Plaintiff**

**John Anthony Castro**     represented by **John Anthony Castro**
12 Park Place
Mansfield, TX 76063
202-594-4344
Email: J.Castro@JohnCastro.com
*PRO SE*

V.

**Defendant**

**Donald J. Trump**     represented by **Lindsey Halligan**
1100 S Ocean Blvd
Palm Beach, FL 33480
FL
511 SE 5th Ave
Ste 1008
Fort Lauderdale, FL 33301
720-435-2870
Email: lindseyhalligan@outlook.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob F. Grubman**
Ifrah Law, PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
202-852-5669
Email: jgrubman@ifrahlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2023 | 1 | COMPLAINT against Donald J. Trump. Filing fees $ 402.00 Receipt#: 8178, filed by John Anthony Castro. (Attachments: # 1 Civil Cover Sheet, # 2 Summon(s))(mee) (Entered: 01/06/2023) |
| 01/06/2023 | 2 | Clerks Notice of Judge Assignment to Judge Aileen M. Cannon. |

| | | |
|---|---|---|
| | | Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Bruce E. Reinhart is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (mee) (Entered: 01/06/2023) |
| 01/06/2023 | 3 | Summons Issued as to Donald J. Trump. (mee) (Entered: 01/06/2023) |
| 01/06/2023 | 4 | Consent by Pro Se Litigant (Non-Prisoner) John Anthony Castro to receive Notices of Electronic Filing at email address: J.Castro@JohnCastro.com (mee) (Entered: 01/06/2023) |
| 01/06/2023 | 5 | Clerks Notice of Receipt of Filing Fee received on 1/6/2023 in the amount of $ 402.00, receipt number 8178 (mee) (Entered: 01/06/2023) |
| 01/09/2023 | 6 | ORDER DISMISSING COMPLAINT AND PERMITTING REPLEADING. Amended Complaint due by 1/23/2023. Signed by Judge Aileen M. Cannon on 1/9/2023. *See attached document for full details.* (caw) (Entered: 01/09/2023) |
| 01/19/2023 | 7 | AMENDED COMPLAINT against Donald J. Trump filed in response to Order Granting Motion for Leave, filed by John Anthony Castro.(pcs) (Entered: 01/19/2023) |
| 01/20/2023 | 8 | NOTICE of Filing Proposed Summons(es) by John Anthony Castro (pcs) (Entered: 01/20/2023) |
| 01/20/2023 | 9 | Summons Issued as to Donald J. Trump. (pcs) (Entered: 01/20/2023) |
| 02/02/2023 | 10 | SUMMONS (Affidavit) Returned Executed on 7 Amended Complaint/Amended Notice of Removal with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 Donald J. Trump served on 1/25/2023, response/answer due 2/15/2023. (ebz) (Entered: 02/02/2023) |
| 02/06/2023 | 11 | Plaintiff's MOTION for CM/ECF User Name And Password by John Anthony Castro. (pcs) (Entered: 02/07/2023) |
| 02/07/2023 | 12 | SUMMONS (Affidavit) Returned Executed on 7 Amended Complaint/Amended Notice of Removal with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by John Anthony Castro. Donald J. Trump served on 1/27/2023, response/answer due 2/17/2023. (pcs) (Entered: 02/07/2023) |
| 02/08/2023 | 13 | PAPERLESS ORDER denying 11 Plaintiff's Motion for CM/ECF User Name and Password. Signed by Judge Aileen M. Cannon on 2/8/2023. (kts) (Entered: 02/08/2023) |
| 02/15/2023 | 14 | NOTICE of Filing Copy of the Petition for Writ of Mandamus filed with 11th Circuit by John Anthony Castro (pcs) (Entered: 02/15/2023) |
| 02/15/2023 | 15 | NOTICE of Filing Proposed Summons(es) by John Anthony Castro (pcs) (Entered: 02/15/2023) |
| 02/15/2023 | 16 | Summons Issued as to Donald J. Trump. (pcs) (Entered: 02/15/2023) |
| 02/15/2023 | 17 | Plaintiff John Anthony Castro's MOTION to Disqualify Judge Aileen Cannon by John Anthony Castro. (pcs) (Entered: 02/15/2023) |
| 02/15/2023 | 18 | MOTION to Dismiss for Lack of Jurisdiction 7 Amended Complaint/Amended Notice of Removal by Donald J. Trump. Attorney Lindsey Halligan added to party Donald J. Trump(pty:dft). Responses due by 3/1/2023 (Halligan, Lindsey) (Entered: 02/15/2023) |

| | | |
|---|---|---|
| 02/16/2023 | 19 | PAPERLESS ORDER denying 17 Plaintiff's Motion to Disqualify Judge. Signed by Judge Aileen M. Cannon on 2/16/2023. (kts) (Entered: 02/16/2023) |
| 02/16/2023 | 20 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Jacob F. Grubman. Pay.gov Agency Tracking ID FLSDC-16338718. Filing Fee $ 200.00 by Donald J. Trump. Responses due by 3/2/2023 (Attachments: # 1 Text of Proposed Order)(Halligan, Lindsey) (Entered: 02/16/2023) |
| 02/20/2023 | 21 | PAPERLESS ORDER granting 20 the Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Jacob F. Grubman. The Court reserves the power to withdraw permission for special appearance at any time. Failure to abide by any court order or failure to appear at any scheduled matter may result in immediate revocation of counsel's *pro hac vice* status. Local counsel must be ready to adequately represent the party at any time. Signed by Judge Aileen M. Cannon on 2/20/2023. (kts) (Entered: 02/20/2023) |
| 02/21/2023 | 22 | MOTION To Certify Order For Permissive Appeal Pursuant to 28 USC 1292(b) by John Anthony Castro. (pcs) (Entered: 02/21/2023) |
| 02/22/2023 | 23 | PAPERLESS ORDER denying 22 Plaintiff's Motion to Certify Order for Permissive Appeal. Signed by Judge Aileen M. Cannon on 2/22/2023. (kts) (Entered: 02/22/2023) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/23/2023 10:18:11 | | |
| **PACER Login:** | johncastro | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 9:23-cv-80015-AMC |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |