No. 23-10531-J

_____

UNITED STATES COURTS OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

IN RE: JOHN ANTHONY CASTRO,

*Petitioner*

_____

On Petition for a Writ of Mandamus to the United States

Court of Appeals for the Eleventh Circuit

_____

**EMERGENCY MOTION TO STAY DISTRICT COURT PROCEEDINGS
PRUSUANT TO FED. R. APP. P. 8(a)(2)(A) & (D)**
_____

                                              **John Anthony Castro,** *Pro Se*
                                              J.Castro@JohnCastro.com
                                              12 Park Place
                                              Mansfield, Texas 76063
                                              Tel: (202) 594-4344

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT (CIP)

John Anthony Castro  *vs.*  Donald J. Trump     Appeal No. 23-10531-J

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

***(please type or print legibly)*:**

Cannon, Aileen M., Judge for U.S. District Court Southern District of Florida (West Palm Beach)

Grubman, Jacob F., Attorney for Defendant

Halligan, Lindsey, Attorney for Defendant

Trump, Donald J., Defendant

Rev.: 12/20

_____

# EMERGENCY MOTION TO STAY DISTRICT COURT PROCEEDINGS PRUSUANT TO FED. R. APP. P. 8(a)(2)(A) & (D)

_____

COMES NOW, Petitioner, JOHN ANTHONY CASTRO, and moves this Court, pursuant to Fed. R. App. P. 2, 8(a)(2)(A), and 8(2)(D), hereby to consider this motion requesting stay in the district court proceeding. As grounds for this motion Castro states as follows:

1. Castro is a U.S. citizen and Republican primary presidential candidate (Candidate FEC ID Number P40007320) for the 2024 Presidential Election.

2. John Anthony Castro brought a civil action against Donald J. Trump under the Declaratory Relief Act to "declare the rights and other legal relations" of John Anthony Castro and Donald J. Trump, including whether Donald J. Trump's actions and public statements with regard to the January 6, 2021, attack on the United States Capitol and those involved in the attack disqualifies Donald J. Trump from pursuing and/or holding public office in the United States pursuant to Section 3 of the 14th Amendment to the United States Constitution. *See Castro v. Trump*, 9:23-cv-80015-AMC.

3. On February 15, 2023, Castro filed a motion to Disqualify Judge Aileen Cannon, requesting that the presiding Judge be disqualified from the litigation and

recuse herself from acting in any capacity. *See Castro v. Trump*, 9:23-cv-80015-AMC, ECF 17.

4. On January 16, 2023, this Court issued a paperless Order denying Castro's Motion to Disqualify Judge Aileen Cannon. *See Castro v. Trump*, 9:23-cv-80015-AMC, ECF 19.

5. After Judge Aileen Cannon denied Castro's motion requesting that the paperless Order will be certified for a permissive appeal pursuant to 28 U.S.C. § 1292(b), Castro filed a petition for a writ of mandamus in this Circuit. *See Castro v. Trump*, 9:23-cv-80015-AMC, ECF 22, 23.

6. On February 22, 2023, John Anthony Castro filed a petition for a writ of mandamus in this Circuit requesting that this Circuit issues an order to Judge Aileen Cannon to recuse herself.

7. To avoid the waste of judicial resources, Castro moved for a stay of the proceedings in the district court. *See Castro v. Trump*, 9:23-cv-80015-AMC, ECF 26.

8. Judge Aileen Cannon, again through a paperless order, denied Castro's request. *See Castro v. Trump*, 9:23-cv-80015-AMC, ECF 27.

9. Currently pending in the district court is Defendant's motion to dismiss for lack of jurisdiction, which was filed on February 15, 2023. *See Castro v. Trump*, 9:23-cv-80015-AMC, ECF 18. Castro submitted his response in opposition to

Defendant's motion to dismiss on February 28, 2023. *See Castro v. Trump*, 9:23-cv-80015-AMC, ECF 28.

10. Castro now requests that this Circuit issues a stay of the district court proceeding in accordance with Fed. R. App. P. 8(a)(2). As required under Fed. R. App. 8(a)(2)(ii), Castro is able to show that a motion was first made in the lower Court and that such motion was denied.

## ARGUMENT

11. A federal court has broad discretion to stay the proceedings arising out of its inherent power to control and manage its docket. *Prosper v. Martin,* 239 F. Supp. 3d 1347, 1349 (S.D. Fla. 2017).

12. A court may authorize such discretion when the request to stay the proceedings would promote judicial economy and efficiency. *NIACCF, Inc. v. Cold Stone Creamery, Inc.,* No. 12-20756-CIV, 2012 WL 1852941, at *1 (S.D. Fla. May 21, 2012).

13. In deciding to stay the proceedings, the court must weigh competing interests and maintain an even balance. *Baker v. Bank of Am., N.A.*, No. 18-CV-81595, 2020 WL 10055684, at *1 (S.D. Fla. July 20, 2020) *(citing Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

14. When deciding on a motion to stay the proceedings, courts will consider the following factors:

4

"(1) the likelihood of the moving party ultimately prevailing on the merits;

(2) the extent the moving party would be irreparably harmed;

(3) potential for harm to the opposing party if the stay is issued; and

(4) whether issuing a stay would be in the public interest."

*Latele Prods., Inc. v. Azteca Int'l Corp.,* No. 16-CV-25347, 2018 WL 11350654, at *1 (S.D. Fla. Dec. 18, 2018).

15.   The lower court has recognized that whether the movant can "demonstrate a probable likelihood of success on the merits is often difficult in the early stages of litigation." *Guirola-Beeche v. U.S. Dep't of Just.,* 662 F. Supp. 1414, 1418 (S.D. Fla. 1987).

16.   In the early stages of litigation, the court, therefore, can look at the remaining three factors, and if the factors weigh in favor of staying proceedings, the stay should be granted. *Id*. (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)); see also *Orsi v. SP Plus Corp.*, No. 18-62589-CIV, 2019 WL 13189850, at *2 (S.D. Fla. Nov. 25, 2019) ("If factors two through four weighs in favor of the moving party, a motion to stay may be granted upon a lesser showing of a 'substantial case on the merits.'")

17.   A court may also stay the proceedings simply as a means to control its docket as long as the stay is not immoderate, so to say, the stay is not for an

unnecessarily prolonged time and improper reasoning. *See generally*, *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).

18. Here, all four factors weight in Castro's favor to grand a stay of the proceedings in the district court pending the resolution of his petition for writ of mandamus in this Circuit.

**A. Castro can show a strong likelihood of ultimately prevailing on the merits.**

19. The standard for recusal, which is an inherent part 28 U.S.C. § 455(a), is whether a judge's impartiality might be reasonably questioned." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523 (11th Cir. 1988) (citing *Offutt v. United States,* 348 U.S. 11, 14 (1954)).

20. The Eleventh Circuit clearly states that an objective standard will aid the determination of whether recusal is proper. The Eleventh Circuit clarified that the proper question to determine whether a Judge should be recused is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013).

21. An objective, disinterested party would easily doubt Judge Aileen Cannon's impartiality. In fact, the court of public opinion has already ruled and found that Judge Aileen Cannon is biased in favor of Trump. Multiple news agencies

have questioned her impartiality.[1] Legal Professionals are concerned about her favoritism of Trump. Ryan Goodman, a New York University law professor, called her ruling appointing a special master to review the documents seized from Mar-a-Largo radical. A former homeland security official in the George W. Bush administration called Judge Aileen Cannon's ruling egregious.[2]

22. Multiple attorneys felt compelled to file official complaints against Judge Aileen Cannon with the Eleventh Circuit. *See, e.g.,* Judicial Complaint No. 11-22-90138, Judicial Complaint No. 11-22-90125, Judicial Complaint No. 11-22-90145, Judicial Complaint No. 11-22-90136

23. The Eleventh Circuit stands firm that if there is doubt about impartiality, a recusal should be favored. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

24. A bias that is sufficient to disqualify a Judge must come from extrajudicial sources. *Hamm v. Members of Bd. of Regents of State of Fla*., 708 F.2d

---

[1] See Vivia Chen, Judge Aileen Cannon Channels Her Inner Kavanaugh, Sept 1, 2022, https://news.bloomberglaw.com/business-and-practice/judge-aileen-cannon-channels-her-inner-kavanaugh, see also Charlie Savage, Trump Ruling Lifts Profile of Judge and Raises Legal Eyebrows, Sept 8, 2022, https://www.nytimes.com/2022/09/07/us/politics/aileen-cannon-judge-trump.html; see also Roberti Schwaniger, Opinion: Judge Cannon should be removed, Sept. 26, 2022,https://www.thetelegraph.com/opinion/article/Judge-Cannon-should-be-removed-17462356.php

[2] Charlie Savage, 'Deeply Problematic': Experts Question Judge's Intervention in Trump Inquiry, Sept. 6, 2022, https://www.nytimes.com/2022/09/05/us/trump-special-master-aileen-cannon.html

647, 651 (11th Cir. 1983) (citing *Whitehurst v. Wright,* 592 F.2d 834, 838 (5th Cir.1979)). "An exception to that rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. *Id.* (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 517 F.2d 1044, 1051 (5th Cir. 1975).

25.  Here, a wide range of extrajudicial sources voiced doubts about Judge Aileen Cannon's impartiality. Subsequently, the objective standard that supports recusal is met.

26.  In the United States, "no man in this country is so high that he is above the law", nevertheless, Judge Aileen Cannon has also demonstrated that she is willing to rule in favor of Trump based on his special status as a former president ignoring the fundamental principles of America. *See Davis v. Passman*, 442 U.S. 228 (1979), *see also Trump v. United States*, No. 22-81294-CIV, 2022 WL 4015755, at *4 (S.D. Fla. Sept. 5, 2022), *vacated and remanded,* 54 F.4th 689 (11th Cir. 2022) ("In the public mind, the blot on a man's escutcheon, resulting from such a public accusation of wrongdoing, is seldom wiped out by a subsequent judgment of not guilty. Frequently, the public remembers the accusation, and still suspects guilt, even after an acquittal. As a function of Plaintiff's former position as President of the United States, the stigma associated with the subject seizure is in a league of its own) (internal citations omitted.)

27. Castro has demonstrated a substantial likelihood that the Eleventh Circuit will rule in favor of disqualifying Judge Aileen Cannon, and as such, this factor favors a stay of the proceedings.

**B. Castro would suffer irreparable harm.**

28. When a Judge fails to recuse oneself, a party may be relieved of a final judgment. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988).

29. Despite Castro's possible ability to re-litigate this matter, initiating a new case will not provide adequate relief in this case.

30. Castro is asserting standing in this suit based on his political competitive injury-in-fact in the form of a diminution of votes and/or donors. As such, if a biased Judge remains on the bench, Castro's ability to compete fairly in the 2024 presidential election will be adversely impacted.

31. Castro is bringing this suit early in the election process to minimize any potential injury that might stem from an unconstitutionally authorized candidate competing in the same arena. A setting aside of this Court's judgment would not be provided in such a timely fashion that it would compensate for Castro's damages.

32. If this Court continues to rule, in particularly on the pending motion to dismiss, this Court will cause irreparable harm to Castro. As such, a stay is favored.

**C. Trump will not suffer any harm if the stay is granted.**

33.　　Trump will not suffer any harm if the stay is granted as he has not answered the complaint. Further, the stay will not interfere with this Court's schedule as no trial schedule has been set. *Latele Prods., Inc.*, 2018 WL 11350654, at *1 (finding that the absence of a filed answer and set trial schedule weighs in the favor of granting a stay).

34.　　In actuality, this stay might benefit Trump as he can continue his unconstitutionally authorized political campaigning.

**D. The issuance of the stay would be in the public's interest.**

35.　　The purpose of 28 U.S.C. § 455 is to "avoid even the appearance of partiality." *Liljeberg*, 486 U.S. 847, 860 (1988).

36.　　The Eleventh Circuit has numerously held that "inherent in [28 U.S.C.] § 455(a)'s requirement that a judge disqualifies himself if his impartiality might reasonably be questioned is the principle that our system of "justice must satisfy the appearance of justice." *Parker*, 855 F.2d at 1523 (citing *Offutt*, 348 U.S. at 14).

37.　　Here, a stay would be in the public's interest. As stated in this motion, the public already believes Judge Aileen Cannon is partial to Trump.

38.　　A further ruling in this case while the Eleventh Circuit reviews Castro's petition of writ of mandamus would fuel the fire of Judge Aileen Cannon's criticism even more.

39. The public deserves to have confidence in its court system. As such, a stay would ensure that such confidence is not further encroached upon. On that basis, this factor favors a stay of the proceedings.

**E. Castro is requesting an expedited review of this motion**

40. Pursuant to Fed. R. App. P. 8(a)(2)(D), Castro requests that this motion is made to and considered by a single judge; the circumstances surrounding this proceeding render this an exceptional case with limited time requirements.

41. As stated throughout this motion, Castro brought this suit early on in the 2024 election cycle to curtail the harm of his political competitive injury-in-fact in the form of a diminution of votes and/or donors. Such harm can only be reduced by a swift ruling of the Eleventh Circuit.

42. A full analysis of Castro's claim by an impartial judge is also in the public's interest as this will ensure that eligible voters are not donating their time and money to unconstitutional candidates and are not casting lost votes during the primary elections.

43. Lastly, it is in the federal court's interest to curb any doubt in our judicial system at its earliest opportunity. Currently, a Judge, who has been accused of being partial to Donald J. Trump by the public, is refusing to recuse herself. Further proof of her partialness was presented, when she refused to grant a short stay

of the proceeding so that the Eleventh Circuit can address Castro's well-founded concerns and reassure the public that it can place its trust in our courts.

44. A delayed ruling of this motion will permit Judge Aileen Cannon to further jeopardize Castro and the public's confidence in our political and judicial system in light of the pending motion to dismiss.

45. Alternatively, Castro requests that this Circuit suspend any provision of the Federal Rule of Appellate Procedure to permit an expedited review of this motion. *See Fed. R. App. P. 2.*

WHEREOF, John Anthony Castro, prays that this Court grants his motion.

## CONCLUSION

46. Castro can demonstrate that there is a strong likelihood that he will prevail on the merits of his petition for writ of mandamus. He would suffer great harm if the stay of the stay of the proceedings is not granted while Trump will not suffer any harm from this stay. Lastly, the stay is in the public interest. Further, Castro demonstrated that this proceeding is exceptional permitting this motion to be considered by a single judge, or alternatively, expedite the resolution of this motion otherwise.

WHEREOF, John Anthony Castro, prays that this Court grants his motion.

|  |  |
|---|---|
| Dated: March 2, 2023 | Respectfully submitted,<br><br>By: _____<br>John Anthony Castro, *Pro Se*<br>J.Castro@JohnCastro.com<br>12 Park Place<br>Mansfield, Texas 76063<br>Tel: (202) 594-4344 |

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type volume limitation of Fed. R. App. P. 27(d)(2)(A). As measured by the word processing system used to prepare this motion, the motion contains 2674 words, and complies with the type style requirement of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced roman-style typeface (Times New Roman).

Dated: March 2, 2023

_____
John Anthony Castro

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, a true and accurate copy of the foregoing *EMERGENCY MOTION TO STAY DISTRICT COURT PROCEEDINGS PRUSUANT TO FED. R. APP. P. 8(a)(2)(A) & (D)* with accompanying Exhibits (if any) was served via U.S. First Class Mail on the following:

Lindsey Halligan
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Attorney for Defendant

Jacob F. Grubman
IFRAH LAW, PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006

Judge Aileen M. Cannon
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St. Rm 202
West Palm Beach FL 33401

John Anthony Castro